Mr. Chief Justice Shakkey
delivered the opinion of the court.
This action was instituted on a supersedeas bond. The declaration contains three counts; the first on a common money bond, and the other two set out the condition, and assign breaches, that the supersedeas had been discharged, but the defendant had not paid, &c. The defendant craved oyer, and pleaded that the supersedeas mentioned in the bond had not been discharged; and issue was taken thereon.
Three grounds are now taken for reversing the judgment; 1. That the court erred in permitting the plaintiffs below to read in evidence the transcript of the record, .to show that the super-sedeas had been discharged; 2. That it was error to refuse a ■ new trial; and 3.- That the state of the pleadings does not sustain the judgment, and it should be arrested.
1. The objection to the record introduced is, that there is a variance between the execution described in the petition for a supersedeas, and that described in the condition of the bond. The petition describes the execution prayed to be superseded as having issued on the 10th of December, 1844; the condition of the bond describes it as having issued on the 7th of December. The description in the petition is immaterial, as the petition itself is -a matter of no consequence. In cases like this there are but three questions. Was there a good bond given for a super-sedeas ? Was the same execution superseded 1 And Avas the supersedeas discharged ? The bond should correctly describe the judgment and the execution, and so should the process of supersedeas, and this they do. There is no misrecital. From the record introduced, it appears that the bond was given to.obtain a supersedeas of a particular execution, that had emanated *594 on a particular judgment. It also appears that process of super-sedeas did issue, to suspend the operation of that identical execution ; and it further appears, that the same supersedeas was discharged. Then a right of action has accrued :on this bond. If the party had introduced evidence that an execution corresponding in date to that described in the petition had been superseded, and that such supersedeas had been discharged, he must have failed, because this bond was not given to have such an execution suspended. The whole question seems to be resolved into this: Has the supersedeas mentioned in the bond been discharged 1 It is not, Has the supersedeas of the execution described in the petition been discharged'? Because that would be to make the petition the foundation of the action, instead of -the bond. The record was therefore properly admitted.
2. As the motion for a new trial was founded on the objection taken to the admissibility of this record, it was of course properly overruled.
3. But it is said further, that this court must arrest the judgment because of certain defects apparent on the record, growing out of the pleadings. The plea was an answer only to the second and third counts, as it only put in issue the fact of the discharge of the supersedeas. The count on the money bond was hot answered. If the plea had professed to answer but the two counts, then the plaintiffs would have been entitled to judgment on the first for want of a plea or answer; and if they had failed to take such judgment, such failure would have been a discontinuance of the whole action, and the judgment erroneous at common law. But such discontinuance is now cured by the statute of jeofails. But there was no discontinuance, because the plea professes to be an answer to the whole declaration, although it in fact answers but two counts. For this the plaintiffs should have demurred. But this is technically insufficient pleading, and is cured after verdict by the express provision of the statute of jeofails. Stephen on Pleading, 216; H. & H. Dig. 591.
Judgment affirmed.